```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
TERRY SIMMONS,

                Plaintiff,
      -against-
                                        MEMORANDUM AND ORDER
SUFFOLK COUNTY POLICE DEPARTMENT;       11-CV-0383 (JS)(AKT)
OFFICER MICHAEL S. BOGLIOLE BADGE
#0425; and OFFICER UNKNOWN TO ME,

                Defendants.
----------------------------------X
APPEARANCES:
Plaintiff:     Terry Simmons
               #404423
               Suffolk County Correctional Facility
               110 Center Drive
               Riverhead, NY 11901

Defendants:    No Appearances.
```

SEYBERT, District Judge:

Plaintiff, currently incarcerated at Suffolk County Correctional Facility, filed this pro se action pursuant to 42 U.S.C. § 1983, claiming that during his arrest on August 4, 2010 two Suffolk County police officers "punched and kicked him in [the] head and stomach while yelling derogatory and racial slurs" causing him injury. Complaint at ¶ IV. Plaintiff also alleges that they assaulted him further upon arrival at the precinct. Id. Plaintiff's request to proceed in forma pauperis is granted pursuant to 28 U.S.C. § 1915 and his claims against Suffolk County Police Department are dismissed. Plaintiff's claims against the remaining defendants may proceed as set forth below.

I. Standard of Review

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint sua sponte if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, sua sponte dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999). The Court construes Plaintiff's pleadings liberally particularly because they allege civil rights violations. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

II. Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. To prevail on a Section 1983 claim, a plaintiff must show: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws; (2) by a person acting under the color of state law. See 42 U.S.C. § 1983. "Section 1983 itself creates

no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." <u>Sykes v. James</u>, 13 F.3d 515, 519 (2d Cir. 1993).

Plaintiff has failed to state a claim against the Suffolk County Police Department (the "Police Department") because a municipality cannot be held liable under the doctrine of <u>respondeat superior</u> for the actions of its employees. <u>See</u> <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 691 (1978). Furthermore, Plaintiff is not challenging a policy or practice of the Suffolk County Police Department. <u>Board of County Comm'rs of Bryan County, Okl. v. Brown</u>, 520 U.S. 397, 403 (1997) (citing <u>Monell</u>, 436 U.S. at 690, 694). A single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless it is shown that the incident was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. <u>City of Oklahoma City v. Tuttle</u>, 471 U.S. 808, 823-24 (1985); <u>see also</u> <u>Wimmer v. Suffolk County Police Department</u>, 176 F.3d 125, 137 (2d Cir.1999) ("Although in some cases a supervisor's acquiescence to actions of his subordinates may amount to a 'custom' or 'policy,' in such a case the subordinates' discriminatory practice must be so manifest as to imply the constructive acquiescence of senior policy-making officials.") (some internal quotation marks and citation omitted). Here, Plaintiff's Complaint suggests that the Police Department's failure to train its officers was

partly to blame for Plaintiff's injuries. See Compl. at 4 (alleging that officers used "improper arrest procedures"); id. at 5 (requesting that the "court file an action against the [Police Department] for improper training of police personnel"). Plaintiff has not alleged sufficient facts to infer that Suffolk County had a pattern or practice that resulted in the alleged constitutional violations, see Michael v. County of Nassau, No. 09-CV-5200, 2010 WL 3237143, at *4 (E.D.N.Y. Aug. 11, 2010), and the Court dismisses this claim with leave for Plaintiff to amend his Complaint.

If Plaintiff elects to amend his Complaint to make clearer his basis for alleging that the Police Department's failure to train its officers caused Plaintiff's injuries, he must bring that claim against Suffolk County, not the Police Department itself. The Police Department is an agency of Suffolk County, and municipal agencies are not suable entities in New York. See Human Resource Research and Management Group, Inc. v. County of Suffolk, 687 F. Supp. 2d 237, 240 n. 1 (E.D.N.Y. 2010).

III. Conclusion

Accordingly, Plaintiff's Complaint against Defendant Suffolk County Police Department is dismissed. 28 U.S.C. §§ 1915(e)(2)(B); 1915A. No summons shall issue as to this Defendant. Plaintiff may amend his Complaint to add a failure-to-train claim against Suffolk County within sixty (60) days from the date of this Order.

4

Plaintiff's Complaint against the remaining Defendants may proceed. The Clerk of Court is directed to issue a summons as to Officer Michael Bogliole, Shield #0425, of the Suffolk County Police Department, and the United States Marshals Service is directed to serve the Summons and Complaint without prepayment of fees. A courtesy copy of this Order shall be mailed to the Suffolk County Attorney. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

                                                SO ORDERED.

                                        <u>/s/ JOANNA SEYBERT     </u>
                                        Joanna Seybert, U.S.D.J.

Dated:    July  <u> 28 </u>, 2011
            Central Islip, New York